IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYNTHEIA COLEMAN-ALLEN and, | § | |
| EUGENE ALLEN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-0366-M-BH |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant's Motion for Judgment on the Pleadings and Brief in Support*, filed July 10, 2019 (doc. 16), and *Defendant's Motion for Summary Judgment*, filed December 10, 2019 (doc. 25). Based upon the relevant filings and applicable law, the motion for judgment on the pleadings should be **GRANTED in part**, the plaintiffs' claims should be dismissed, and the summary judgment motion should be **DENIED as moot**.

**I. BACKGROUND**

This case involves the foreclosure of real property located at 321 Tranquility Lane, Cedar Hill, Texas 75104 (the Property). (*See* doc. 1-4.)[2] On April 14, 2005, Elgin Coleman (Husband) executed a Fixed/Adjustable Rate Note (Note) in favor of Long Beach Mortgage Company, a Corporation (Long Beach) for a loan in the principal amount of $137,600.00. (*Id*. at 4.) According to the petition, the Note includes a provision titled "Obligations of Persons under this Note" that states:

[If more than one-person signs this note], each person is fully and personally

---

[1]By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> obligated to keep all the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, [including the obligations of a guarantor], surety or endorser of this note, is also obligated to keep all the promises made in this note. The note may enforce its rights under this note against each person's[sic] individually or against all of us together. This means that any of us may be required to pay all the amounts owed under this Note.

(*Id.* at 4) (brackets and punctuation original)).

Husband and his wife, Syntheia Coleman-Allen (Wife), contemporaneously executed a Deed of Trust that granted a security interest in the Property to Long Beach to secure repayment under the Note. (*Id.* at 3.) The petition alleges that the Deed of Trust identifies Husband and Wife as "grantors," collectively refers to them as "Borrower," and provides in relevant part as follows:

> Any Borrower who Co-signs this instrument but does not execute the note (a) is co-signing this security instrument only to mortgage, grant and convey that borrower's interest in the property under the terms of this security instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that lender and any other borrower may agree to extent[sic], modify, forbear or make any accommodations with regards to the terms of this Security Instrument or the note without that borrowers[sic] consent.

(*Id.*)

Husband and Wife separated in 2010, and he allegedly moved out, telling her "he wanted nothing more to do with the [P]roperty." (*Id.* at 6.) Wife "continued to make payment and honor the Note," but eventually "fell behind on payments." (*Id.*) The servicer of the Note, Select Portfolio Servicing, Inc. (Defendant), allegedly refused to provide her "access to the information concerning the account" because only Husband was the accountholder. (*Id.*) Wife began "using the account information to make payments and communication" until Husband filed an identity-theft claim disputing ownership of the Note. (*Id.*) The Property was eventually awarded to Wife under a final divorce decree. (*Id.*) On September 27, 2017, Wife requested a loan modification from Defendant,

but it was denied. (*Id.* at 7.)

On January 7, 2019, Wife and Eugene Allen (collectively Plaintiffs) filed this lawsuit against Defendant in the 192nd District Court of Dallas County, Texas, for wrongful repossession and conversion, as well as an application for temporary injunction. (*See* doc. 1-4.) They allege that Defendant refused to recognize Wife as "a borrower, guarantor, note maker, or obligator," even though there are "numerous instances" in the "Contract" "where her name and signature are contained within and where she was acknowledged as such." (*Id.* at 7.) It argues that Wife's "rights to fulfill the promises of [the Note] [and to] due process were denied when she was denied access to the account information and . . . not presented with the rights of presentment and notice of dishonor, that is to be given notice that amounts due have not been paid." (*Id.*) Liberally construed, the petition asserts claims for breach of contract, conversion, and wrongful foreclosure. It requests the Property be returned to Plaintiffs, exemplary damages of $1.5 million, and declaratory and injunctive relief.[3] (*Id.* at 9-10.)

On February 13, 2019, Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.) It moved for judgment on the pleadings on July 10, 2019 (doc. 16), and for summary judgment on December 10, 2019 (doc. 25). With timely-filed responsive briefs, both motions are ripe for consideration.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

---

[3] Plaintiffs abandoned their request for attorney's fees. (*See* doc. 18 at 4.)

3

looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 793-94 (N.D. Tex. 2013) (citing *id.*) ("As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits.").

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when

it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendant argues that its Rule 12(c) motion should be granted because Plaintiffs fail to assert a plausible claim for relief. (doc. 16 at 8.)

**A.     Conversion**

Defendant argues that Plaintiffs' conversion claim fails and should be dismissed because real property cannot be converted under Texas law. (doc. 16 at 12.)

To establish a claim for conversion under Texas law,[4] a plaintiff must show that the defendant wrongfully exercised dominion or control over the *personal* property of the plaintiff to the exclusion of, or inconsistent with, the plaintiff's right of possession. *See Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 982 (5th Cir. 1996) (citing *Waisath v. Lack's Stores, Inc.*, 474

---

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is located in Texas, and the alleged actions giving rise to Plaintiffs' claims "arose in whole or in part in [Texas]." (*See* doc. 1-4 at 3); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

S.W.2d 444, 446 (Tex. 1971)). Texas does not recognize a cause of action for conversion of real property. *See Lucio v. John G. & Marie Stella Kennedy Mem. 'l Found.*, 298 S.W.3d 663, 672 (Tex.App.–Corpus Christi 2009, pet. denied); *Goulla v. Greentree*, No. A-17-CV-407-LY-ML, 2018 WL 6267878, at *3 (W.D. Tex. Aug. 30, 2018), *adopted by* 2019 WL 2563831 (W.D. Tex. Feb. 6, 2019) ("Under Texas law, a conversion claim can only be made with respect to personal property; real property cannot be converted.") (citing *Cage Bros. v. Whiteman*, 163 S.W.2d 638, 641 (Tex. 1942)).

Here, the petition generally asserts a claim for conversion, and argues that Defendant is guilty of converting the Property. (doc. 1-4 at 1, 9.) Because real property cannot be converted under Texas law, the claim for conversion of the Property fails as a matter of law and should be dismissed. *See Lucio*, 298 S.W.3d at 672; *see also Yoon v. Yoo*, No. 3:15-CV-303-P, 2016 WL 4801314, at *4 (N.D. Tex. Feb. 24, 2016) (finding conversion of real property claim failed as a matter of law).

B.  **Wrongful Foreclosure**

The petition claims that Defendant violated the Texas Property Code because it denied Plaintiffs "due process and the right to be heard from a rightful grantor, obligator, borrower, and successor." (doc. 1-4 at 9.)

Because § 51.002 does not provide for a private right of action, courts have construed claims based on violations of the Texas Property Code as claims for wrongful foreclosure. *See Nelson v. Wells Fargo Bank, N.A.*, No. 4:17-CV-298-A, 2017 WL 3405525, at *2 (N.D. Tex. Aug. 7, 2017) (citing *Palomino v. Wells Fargo Bank, N.A.*, No. 6:15-CV-00375-RWS-KNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017)); *see also Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any

6

cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."). Plaintiffs' response to the motion for judgment on the pleadings clarifies that they are pursing a wrongful foreclosure claim. (*See* doc. 18 at 5.) Their allegations are therefore construed as a claim for wrongful foreclosure.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing*, LP, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920 at *2. Recovery is not available merely upon the showing of a defect in the foreclosure process; "it is also necessary that there be [a] [grossly] inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). In Texas, "a grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citation omitted).

Plaintiffs allege that Defendant refused to grant Wife access to account information

7

regarding the Note, and failed to provide "notice that amounts due ha[d] not been paid." (doc. 1-4 at 7.) The allegations in Plaintiffs' petition are insufficient to state a claim for wrongful foreclosure.

In their response to the motion for judgment on the pleadings, Plaintiffs allege that the Property was sold at foreclosure auction for "an inadequate selling price" because the final bid price was $206,465 when the Property's "appraised cap value [in] 2018 was $228,217." (doc. 18 at 5.) Even if these allegations are liberally construed as having been raised in an amendment to the petition,[5] Plaintiffs still fail to allege that a foreclosure sale occurred where the Property sold for a grossly inadequate selling price, or that there is a causal connection between the defect and the grossly inadequate selling price. *See Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege (1) that his home sold for a grossly inadequate selling price and (2) a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price"); *Byrd v. Chase Home Fin. LLC*, No. 4:11-CV-022-A, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where plaintiffs alleged a procedural defect but failed to assert any facts showing a grossly inadequate selling price resulted from the defect). "Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) (citations omitted); *see Christensen v. Bank*

---

[5] Plaintiffs' new allegations in their response are not part of the pleadings to be considered for purposes of the motion for judgment on the pleadings. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug.15, 2014); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir.2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb.12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Plaintiffs have not sought or been granted leave to amend their petition to add these allegations, or shown that Defendant consented. *See* Fed. R. Civ. P. 15(a) (2). Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

*of Am., N.A.*, No. 5:10-CV-176-C, 2011 WL 7070568, at *3 (N.D. Tex. Nov. 4, 2011) (finding selling price that was 58.94 percent of the property's fair market value was not grossly inadequate).

Moreover, Plaintiffs' allegations that they remain in possession of the Property is fatal to any wrongful foreclosure action because recovery for wrongful foreclosure "is based on the mortgagor's [lost] possession."[6] *Everhart v. CitiMortgage, Inc.*, No. CIV.A. H-12-1338, 2013 WL 264436, at *7 (S.D. Tex. Jan. 22, 2013); *see Petersen v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) (holding that "[w]here the mortgagor's possession is undisturbed, he has suffered no compensable damage"); *see also Medrano v. BAC Home Loans Servicing, LP.*, No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012) ("An attempted wrongful foreclosure is not an action recognized under Texas law."). Because the petition does not state any facts supporting the elements of a wrongful foreclosure claim, it should be dismissed for failure to state a claim.

## C. **Breach of Contract**

Defendant argues that Plaintiffs' breach of contract claim fails because they lack standing[7] under the Note. (doc. 19 at 6.)

---

[6] While the petition is unclear as to the ownership status of the Property, Plaintiffs' response to the motion for judgment on the pleadings clarifies that the Property was sold at a foreclosure sale on December 17, 2018. (doc. 18 at 5.) It also concedes that Plaintiffs maintain possession of the Property. (*Id.* at 6.)

[7] "Standing has both constitutional and prudential aspects." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 n.9 (5th Cir. 2001) (citation omitted). The argument that a nonsignatory plaintiff lacks standing to assert a breach of contract claim implicates prudential standing. Prudential standing encompasses "[j]udicially created limits" that concern whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011).

### 1. *Standing*

"As a general rule [in Texas], only parties to a contract and their successors-in-interest have standing to assert defects in the contract or seek its enforcement through breach claims." *Priester v. Long Beach Mortg. Co.*, No. 416CV00449ALMCAN, 2016 WL 9504324, at *7 (E.D. Tex. Dec. 16, 2016), *adopted by* No. 4:16-CV-449, 2017 WL 510350 (E.D. Tex. Feb. 8, 2017) (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007)); *see also Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 332-33 (5th Cir. 1956) ("The only proper parties to a suit to foreclose a mortgage are the mortgagor and mortgagee and those whose interests have been acquired subsequently to the date of the mortgage.").

The petition alleges that Husband executed the Note; Plaintiffs did not sign the Note. (doc. 1-4 at 4, 7.) Plaintiffs argue that Wife has standing under the Note because the Property was awarded to her under a divorce decree, (*id.* at 7), and Defendant had approved her status as "successor in interest" to the Note, (doc. 18 at 6, 31).[8] Because a contracting party's successor in interest has standing to enforce a contract, Plaintiffs have alleged sufficient facts to show that Wife has standing under the Note. *See Priester*, 2016 WL 9504324, at *7. Accordingly, the motion to dismiss Wife's breach of contract claim for lack of standing should be denied.

The petition does not allege facts showing Eugene's standing under the Note. Moreover, Plaintiffs do not respond to Defendant's argument that Eugene's breach of contract claim should be dismissed for lack of standing. *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex. June 18, 2019) ("When a plaintiff fails to defend a claim in response

---

[8]Plaintiffs allege that Wife is a "successor in interest" for the first time in their response to Defendant's motion for judgment on the pleadings. (doc. 18 at 6, 31.) This allegation is also liberally construed as an amendment to their petition. *See Cash*, 978 F.2d at 218.

10

to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)). Accordingly, Defendant's motion to dismiss Eugene's breach of contract claim for lack of standing should be granted.

### 2. *Alleged Breach*

Even assuming that Wife has standing to assert claims under the Note, the petition fails to identify a provision in the Note that was allegedly breached.[9] The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Here, the petition alleges that Wife was denied due process under the Note because she was not presented with the rights of presentment and notice of dishonor. (doc. 1-4 at 7.) It argues that Defendant breached the Note because it failed to provide her "notice that amounts due have not been paid." (*Id.*) In support, it references a provision in the Note titled "Waivers," which provides:

> I and any other person who has obligations under this Note waive intentions to accelerate, except as provided in Section 7 (C) above, and the rights of presentment and "notice of dishonor" means the right to require the note Holder to give notice to other persons that amounts due have not been paid.

(*Id.* at 4 (quotations original)).

---

[9]Although Moving Defendants did not specifically raise this argument, the Court may *sua sponte* dismiss it on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides sufficient notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

This provision does not establish the "rights" of presentment and notice dishonor that Defendant allegedly breached; these "rights" were expressly were waived under the Note. Because the petition fails to identify a promise or contractual provision that Defendant purportedly breached, Wife's breach of contract claim fails and should be dismissed. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (finding plaintiffs' allegation that defendants "breached the deed of trust by deliberately or negligently accelerating the note and foreclosing on their property" failed to state a claim for breach where they failed to identify which provision of the deed of trust defendants allegedly breached); *Coleman v. Bank of America*, N.A., No. 3:11-CV-0430-G, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), *adopted by* 2011 WL 2516668 (N.D. Tex. June 22, 2011) (finding breach of contract claim failed where "plaintiff point[ed] to no specific provision in the Deed of Trust that was breached by defendant").

### D. **Declaratory Judgment**

Defendant moves to dismiss Plaintiffs' request for declaratory judgment on the ground that they have failed to bring any viable claims against it. (doc. 16 at 16.)

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory

12

judgment. *Id.*

Here, the petition requests that Defendant be ordered to (1) recognize Wife as the borrower and grantor under the Note, (2) stop all proceedings against the Property, and (3) enter into a loan modification naming Wife as the obligator with monthly payments of $1,500 for a six-month period. (doc. 1-4 at 8.) As discussed, Plaintiffs fail to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513, 2013 WL 657772 (5th Cir. 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). The petition therefore fails to state a claim in support of declaratory relief, and it should be dismissed.

### E.    Injunctive Relief

Defendant seeks to dismiss any request for injunctive relief on grounds that it cannot survive without a viable cause of action. (doc. 16 at 16.)

"To obtain injunctive relief, a plaintiff is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, the petition alleges that "[Wife] has been denied due process of a contractual agreement" and an injunction is necessary to "stop the threat or loss of liberty and property." (doc. 1-4 at 9.) It requests that Defendant be "temporarily enjoined and restrained from using in any manner whatsoever for commercial or personal use, damaging,

13

destroying, losing, leasing, selling, transferring, or otherwise deposing[sic] of [the Property]." (*Id.* at 8-9.) Because Plaintiffs' substantive claims are subject to dismissal on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Plaintiffs' request for injunctive relief should be denied.

## IV. RECOMMENDATION

Defendant's motion for judgment on the pleadings should be **GRANTED in part**, and all of Plaintiffs' claims should be **DISMISSED with prejudice**. Defendant's motion for summary judgment should be **DENIED as moot.**

**SO RECOMMENDED** on this 3rd day of February, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE